1   THERESA A. KADING (SBN 211469)
    Email: tkading@kadingbriggs.com
2   KADING BRIGGS LLP
    100 Spectrum Center Drive, Suite 800
3   Irvine, California 92618
    Telephone: (949) 450-8040
4   Facsimile: (949) 450-8033

5   Attorneys for Defendant
    WELLS FARGO BANK, N.A.

6

7

8

9                  UNITED STATES DISTRICT COURT

10                 CENTRAL DISTRICT OF CALIFORNIA

11

12   MARISOL PEREZ,                    CASE NO.:_____

13              Plaintiff,            Los Angeles County Superior Court Case
                                       No: 21STCV29307
14         vs.
                                       **DEFENDANT WELLS FARGO
15   WELLS FARGO BANK,                 BANK, N.A.'S NOTICE OF
     NATIONAL ASSOCIATION, a           REMOVAL OF ACTION TO UNITED
16   corporation, and DOES 1-25,       STATES DISTRICT COURT
     inclusive,                        PURSUANT TO 28 U.S.C. §§ 1332,
17                                     1441 AND 1446 (DIVERSITY)**
              Defendants.
18
                                       Complaint Filed:   August 9, 2021
19

20

21

22

23

24

25

26

27

28

512696

                                      1
DEFENDANT WELLS FARGO BANK, N.A.'S NOTICE OF REMOVAL OF ACTION TO U.S. DISTRICT COURT

# **TABLE OF CONTENTS**

**PAGE NO.**

I.     THE STATE COURT ACTION AND PROCEDURE OF REMOVAL .................................................................................5

II.    JURISDICTION .......................................................................6

III.   DIVERSITY OF CITIZENSHIP .............................................6

     A.    Plaintiff Is a Citizen of California. ..................................6

     B.    Wells Fargo Bank, N.A. Is a Citizen of South Dakota. .......................7

IV.   THE AMOUNT IN CONTROVERSY EXCEEDS $75,000 ........................8

     A.    Plaintiff's Complaint Pleads Damages in Excess of $75,000. ...........9

         1.    Plaintiff's Alleged Lost Wages Alone Could Exceed the Requisite $75,000 Amount in Controversy. ...........9

         2.    The Alleged General, Special, and Punitive Damages Place the Amount in Controversy in Excess of $75,000. ........10

         3.    Attorneys' Fees May Be Included in the Amount in Controversy Calculation, Further Demonstrating that the Amount in Controversy Exceeds $75,000. ...............11

     B.    Jury Verdicts Establish that Plaintiff's Claims Regularly Result in Damage Awards in Excess of $75,000. ...........12

V.    PROCESS, PLEADINGS AND ORDERS ....................................14

512696

DEFENDANT WELLS FARGO BANK, N.A.'S NOTICE OF REMOVAL OF ACTION TO U.S. DISTRICT COURT

# TABLE OF AUTHORITIES

**PAGE NO.**

## FEDERAL CASES

*Abrego v. Dow Chem. Co.,*
   443 F. 3d 676 (9th Cir. 2006)..........................................................................8

*Avila v. P & L Dev., LLC,*
   No. CV 18-01211 SJO (AS),
   2018 WL 1870422 (C.D. Cal. Apr. 18, 2018)..............................11, 12

*Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.,*
   465 F. 2d 489 (9th Cir.1972).............................................................................9

*Chambers v. Penske Truck Leasing Corp.,*
   No. 1:11-CV-00381 LJO,
   2011 WL 1459155 (E.D. Cal. April 15, 2011)...........................................10

*Chavez v. JPMorgan Chase & Co.,*
   888 F.3d 413 (9th Cir. 2018)..................................................................9, 11

*Dart Cherokee Basin Operating Co., LLC v. Owens,*
   135 S.Ct. 547 (2014) ........................................................................................9

*Fritsch v. Swift Trans. Co. of Ariz., LLC,*
   899 F.3d 785 (9th Cir. 2018)........................................................................11

*Gibson v. Chrysler Corp.,*
   261 F.3d 927 (9th Cir. 2001) .......................................................................10

*Guglielmino v. McKee Foods Corp.,*
   506 F.3d 696 (9th Cir. 2007)..........................................................................9

*Haase v. Aerodynamics Inc.,*
   No. 2:09-CV-01751-MCE-GG,
   2009 WL 3368519 (E.D. Cal. Oct. 19, 2009) ..............................................10

*In re Taco Bell Wage & Hour Actions,*
   222 F. Supp. 3d 813 (E.D. Cal. 2016).........................................................11

*Kanter v. Warner-Lambert Co.,*
   265 F.3d 853 (9th Cir. 2001).........................................................................6

*Langston v. T-Mobile US, Inc.,*
   No. LACV18-01972 JAK(ASx),
   2018 WL 2382464 (C.D. Cal. May 24, 2018) ...............................................9

*Lew v. Moss,*
   797 F.2d 747 (9th Cir. 1986)......................................................................6, 7

*McKenna v. Wells Fargo Bank, N.A.,*
   693 F.3d 207 (1st Cir. 2012) ...........................................................................8

512696

DEFENDANT WELLS FARGO BANK, N.A.'S NOTICE OF REMOVAL OF ACTION TO U.S. DISTRICT COURT

1

## TABLE OF AUTHORITIES (cont'd)

2
PAGE NO.

**FEDERAL CASES**

3

*Mondragon v. Cap. One Auto Fin.,*
    776 F.3d 880 (9th Cir. 2013)...........................................................................7

4

*Navarro v. DHL Glob. Forwarding,*
5    No. 215CV05510CASEX,
    2018 WL 2328191 (C.D. Cal. May 21, 2018) ............................................11

6

*Rouse v. Wachovia Mortgage, FSB,*
7    747 F.3d 707 (9th Cir. 2014).........................................................................8

8
*Simmons v. PCR Tech.,*
    209 F. Supp. 2d 1029 (N.D. Cal. 2002) .........................................10, 12, 13
9
*Wachovia Bank v. Schmidt,*
10    546 U.S. 303 (2006) .......................................................................................8

11

## STATUTES

12
28 U.S.C. Section 1332.......................................................................................5, 6

13
28 U.S.C. section 1348 ......................................................................................7, 8

14
28 U.S.C. Section 1441..........................................................................................6

15
28 U.S.C. Section 1441(b)(1).................................................................................6

16
28 U.S.C. Section 1446..........................................................................................5

17
28 U.S.C. Section 1446(b) .....................................................................................6

18
California Government Code Section 12965(b)....................................................11

19
Federal Rule of Civil Procedure 6(a).....................................................................6

20
Federal Rule of Civil Procedure 8(a).....................................................................9

21

22

23

24

25

26

27

28

512696

DEFENDANT WELLS FARGO BANK, N.A.'S NOTICE OF REMOVAL OF ACTION TO U.S. DISTRICT COURT

1   TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR

2   THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF, AND HER

3   COUNSEL OF RECORD:

4

5   PLEASE TAKE NOTICE THAT Defendant Wells Fargo Bank, N.A.

6   ("Wells Fargo") hereby removes to this Court the state court action described below

7   pursuant to 28 U.S.C. Sections 1332, 1441 and 1446.

8

9   **I.       THE STATE COURT ACTION AND PROCEDURE OF REMOVAL**

10   On August 9, 2021, plaintiff Marisol Perez ("Plaintiff") commenced an

11   action against Wells Fargo in the Superior Court of the State of California in and

12   for the County of Los Angeles – Central District ("Superior Court"), entitled

13   *Marisol Perez v. Wells Fargo Bank, National Association, et al.*, Case No.

14   21STCV29307.  A true and correct file-stamped copy of the Complaint with Civil

15   Case Cover Sheet is attached hereto as Exhibit "A."  A true and correct copy of the

16   Summons, filed on August 9, 2021, is attached hereto as Exhibit "B."  The Superior

17   Court filed a Notice of Case Assignment on the same day Plaintiff filed the

18   Complaint, a true and correct copy of which is attached hereto as Exhibit "C."  The

19   Superior Court then filed a Notice of Case Management Conference on August 25,

20   2021, a true and correct copy of which is attached hereto as Exhibit "D."  Plaintiff

21   then filed a Case Management Statement on December 6, 2021, a true and correct

22   copy of which is attached hereto as Exhibit "E."  After the Case Management

23   Conference on December 7, 2021, the Court issued a Minute Order, a true and

24   correct copy of which is attached hereto as Exhibit "F."

25   Plaintiff served Wells Fargo with the Complaint and Summons on December

26   7, 2021.  *See* Notice of Service of Process, attached hereto as Exhibit "G."

27

28

512696

1    Wells Fargo filed its Answer to Plaintiff's Complaint in the Superior Court

2    on January 5, 2022.  A true and correct copy of the Answer is attached hereto as

3    Exhibit "H."

4    This Notice of Removal is filed within 30 days from the date upon which

5    Wells Fargo, the only named defendant, was served and is within the time for

6    removal provided by law.  *See* 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6(a).

7

8    **II.    JURISDICTION**

9    This is a civil action of which the instant Court has original jurisdiction under

10   28 U.S.C. Section 1332 and is one that may be removed to the instant Court by

11   Wells Fargo pursuant to the provisions of 28 U.S.C. Section 1441, in that it is an

12   action in which the amount in controversy exceeds $75,000 and Plaintiff and Wells

13   Fargo are citizens of different states.  Plaintiff is a citizen of California and Wells

14   Fargo is a citizen of South Dakota.  *See* Section III.B, *infra*.

15

16   **III.   DIVERSITY OF CITIZENSHIP**

17   For the reasons discussed below, there is complete diversity between Plaintiff

18   and Wells Fargo.[1]

19   **A.    Plaintiff Is a Citizen of California.**

20   For diversity purposes, citizenship of an individual is determined by the

21   individual's domicile at the time that the lawsuit is filed.  *Lew v. Moss*, 797 F.2d

22   747, 749-50 (9th Cir. 1986).  "A person's domicile is her permanent home, where

23   she resides with the intention to remain or to which she intends to return."  *Kanter*

24   *v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  As the Ninth Circuit

25   observed in *Lew*, determining an individual's domicile involves a number of

26   factors, including current residence, place of employment, voting registration and

27
[1] The citizenship of fictitious "Doe" defendants is disregarded for removal

28   purposes.  *See* 28 U.S.C. § 1441(b)(1).

512696                                        6

voting practices, location of personal and real property, location of bank accounts, location of spouse and family, membership in unions and other organizations, driver's license and automobile registration, and payment of taxes. *Lew*, 77 F.2d at 750. Furthermore, "a person's old domicile is not lost until a new one is acquired." *Id*.

Plaintiff's Complaint alleges various claims, all of which arise out of her employment with Wells Fargo. *See generally* Exh. A, Compl. In her Complaint, Plaintiff alleges that "events relevant to this Complaint occurred in Los Angeles County, California." *See* Exh. A, Compl., ¶ 5. Therefore, Plaintiff was employed by Wells Fargo in California. Plaintiff alleges in her Complaint that she received a letter in the mail on or about August 2, 2019, informing her that her employment with Wells Fargo had been terminated *See* Exh. A, Compl., ¶ 16. As of August 4, 2021, two years later, she was still residing in Burbank, California. *See* Exh. A, Compl., Attachment 1 (DFEH Complaint). Thus, as of two years following the termination of her employment with Wells Fargo, Plaintiff continued to reside in California. Given these facts, Plaintiff has demonstrated an intent to remain in the State of California. Accordingly, for diversity purposes, Plaintiff is a citizen of California. *See, e.g., Mondragon v. Cap. One Auto Fin.*, 776 F.3d 880 (9th Cir. 2013) (holding that, in connection with removal to federal court, a person's continuing domicile in a state establishes citizenship "unless rebutted with sufficient evidence of change"); *Lew*, 797 F.2d at 751-52 (holding that California was the state of domicile for a party with a California residential address).

### B.    Wells Fargo Bank, N.A. Is a Citizen of South Dakota.

Wells Fargo is a national banking association. The citizenship of a national banking association is governed by 28 U.S.C. section 1348, which states that national banking associations are "deemed citizens of the States in which they are respectively *located*." 28 U.S.C. § 1348 (emphasis added).

Wells Fargo's main office, according to its articles of association, is in Sioux Falls, South Dakota. *See* RJN, Exh. E, Articles of Association for Wells Fargo Bank, N.A., as issued by the Office of the Comptroller of the Currency, Administrator of National Banks, reflecting that Wells Fargo (at Article II, §1) has its main office in Sioux Falls, South Dakota.[2]

The Ninth Circuit has unequivocally held that Wells Fargo is a citizen *only* of South Dakota for diversity purposes. *Rouse v. Wachovia Mortgage, FSB,*[3] 747 F.3d 707, 709 (9th Cir. 2014) ("under 28 U.S.C. § 1348, a national bank is a citizen **only of the state in which its main office is located**") (emphasis added). In addition, the United States Supreme Court, after a thorough examination of the historical versions of Section 1348 and the existing case law, held that "a national bank, for § 1348 purposes, is a citizen of the state in which its main office, as set forth in its articles of incorporation, is located." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006). Wells Fargo's citizenship for diversity purposes, therefore, is South Dakota – and *only* South Dakota. *Rouse*, 747 F.3d at 715 ("Accordingly, Wells Fargo is a citizen only of South Dakota, where its main office is located"); *see also McKenna v. Wells Fargo Bank, N.A.*, 693 F.3d 207, 212 (1st Cir. 2012) (Wells Fargo is a citizen of South Dakota for diversity purposes).

Pursuant to this binding authority, Wells Fargo is a citizen only of South Dakota and not California.

## IV.    THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

An action may be removed if the defendant establishes that the aggregate amount in controversy exceeds $75,000. *See Abrego v. Dow Chem. Co.*, 443 F. 3d

---

[2] In the contemporaneously-filed Request for Judicial Notice, Wells Fargo requests that the Court take judicial notice of Wells Fargo's Articles of Association. (Request for Judicial Notice ("RJN"), ¶ 5, Exh. E.)

[3] Wachovia Mortgage is now a division of Wells Fargo. *Rouse*, 747 F.3d at 709.

512696

676, 683 (9th Cir. 2006); *Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F. 2d 489, 491 (9th Cir.1972). A notice of removal may satisfy this burden through plausible allegations, consistent with Federal Rule of Civil Procedure 8(a). *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 550, 554 (2014). Evidentiary submissions are not required unless and until the defendant's allegations are contested by the plaintiff or questioned by the court. *Id*. at 554; *Langston v. T-Mobile US, Inc.*, No. LACV18-01972 JAK(ASx), 2018 WL 2382464, at *4 (C.D. Cal. May 24, 2018) (applying the plausible allegations standard to a single-plaintiff diversity case). As shown on the face of the Complaint, Plaintiff seeks damages well in excess of the $75,000 threshold.

**A.** **Plaintiff's Complaint Pleads Damages in Excess of $75,000.**

**1.** **Plaintiff's Alleged Lost Wages Alone Could Exceed the Requisite $75,000 Amount in Controversy**.

In her Complaint, Plaintiff alleges that she "has suffered *and will continue to suffer* actual damages, including lost earnings, medical costs and other employment benefits…." *See* Exh. A, Compl. ¶¶ 27, 34, 43, 56 (emphasis added). Plaintiff alleges that Wells Fargo terminated her employment on or about July 29, 2019. *Id*. at ¶ 16. Based on Wells Fargo's records, Plaintiff's hourly wage at the time of her termination of employment was $17.90 per hour. Conservatively assuming *arguendo* that this Action is set for trial in January 2023 (and likely later given the courts' congestion from COVID), Plaintiff's lost wages alone could total over $130,000 ($17.90 x 2080/12 months x 42 months). *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417-18 (9th Cir. 2018) (holding that it was appropriate to consider lost future wages in assessing whether the amount in controversy was satisfied on removal). This does not factor in purported lost benefits, which set the amount in controversy even further beyond the $75,000 jurisdictional threshold. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007) (stating

1  employee benefits must be included in calculating the amount of lost income in

2  controversy).

3       **2.      The Alleged General, Special, and Punitive Damages Place**

4            **the Amount in Controversy in Excess of $75,000.**

5       Plaintiff also seeks general and special (*i.e.,* emotional distress) damages.

6  Exh. A, Compl., ¶¶  28, 35, 44, 57, Prayer for Relief.  Moreover, Plaintiff seeks to

7  recover punitive damages.  *Id.* at ¶¶ 30, 37, 46, 52, 59, Prayer for Relief.  Both

8  compensatory damages and punitive damages are used to determine whether the

9  jurisdictional minimum has been satisfied.  *See Gibson v. Chrysler Corp.,* 261 F.3d

10  927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of

11  the amount in controversy in a civil action."); *see also Simmons v. PCR Tech.,* 209

12  F. Supp. 2d 1029, 1033 (N.D. Cal. 2002) (stating "the potential for large punitive

13  damage awards in employment discrimination cases" satisfies the $75,000

14  requirement); *Chambers v. Penske Truck Leasing Corp*., No. 1:11-CV-00381 LJO,

15  2011 WL 1459155, *4 (E.D. Cal. April 15, 2011) (finding that amount in

16  controversy was satisfied because "punitive damages in employment matters may

17  be substantial"); *Haase v. Aerodynamics Inc.*, No. 2:09-CV-01751-MCE-GG, 2009

18  WL 3368519, *4 (E.D. Cal. Oct. 19, 2009) (denying remand in FEHA action as

19  "even a minimum award of punitive damages would satisfy the jurisdictional

20  requirement").

21       As Plaintiff's lost wages alone already could exceed $75,000, *any* award of

22  punitive and/or emotional distress damages further elevates the amount in

23  controversy well above the jurisdictional threshold.

24

25

26

27

28

512696

**3.** **Attorneys' Fees May Be Included in the Amount in Controversy Calculation, Further Demonstrating that the Amount in Controversy Exceeds $75,000.**

Plaintiff further seeks to recover attorneys' fees. *See* Ex. A, Compl. ¶¶ 29, 36, 45, 51, 58, Prayer for Relief. When attorneys' fees are recoverable by statute, they are also factored into the amount in controversy. "[T]he amount in controversy is determined by the complaint operative at the time of removal and encompasses *all relief* a court may grant on that complaint if the plaintiff is victorious." *Chavez*, 888 F.3d at 414–15 (emphasis added). "The phrases 'all relief' and 'certain classes of damages' encompass all of the plaintiff's future recovery, not lost wages alone. Accordingly, Chavez's reasoning clearly applies to attorneys' fees." *Fritsch v. Swift Trans. Co. of Ariz., LLC*, 899 F.3d 785, 794–95 (9th Cir. 2018). Here, should Plaintiff prevail on any of her claims brought under the Fair Employment and Housing Act ("FEHA") (her first through fifth causes of action), she will be entitled to recover attorneys' fees. *See* Cal. Gov. Code § 12965(b); *see also Avila v. P & L Dev., LLC*, No. CV 18-01211 SJO (AS), 2018 WL 1870422, at *3 (C.D. Cal. Apr. 18, 2018) (stating that a "conservative" approach estimates fees corresponding to approximately 100 hours spent by counsel on an employment lawsuit and finding that attorneys' fees increased total amount in controversy to over $75,000, establishing diversity jurisdiction); *Navarro v. DHL Glob. Forwarding*, No. 215CV05510CASEX, 2018 WL 2328191, at *5 (C.D. Cal. May 21, 2018), *appeal dismissed*, No. 17-56662, 2018 WL 6722404 (9th Cir. Nov. 6, 2018) (awarding plaintiff over $600,000 in fees for over 1,000 hours of attorney work in employment discrimination action); *In re Taco Bell Wage & Hour Actions*, 222 F. Supp. 3d 813, 839 (E.D. Cal. 2016) (collecting numerous authorities finding between $300 and $400 per hour to be reasonable rates in employment litigation for counsel with twenty or more years of experience, between $250 and $300 for

512696

counsel with less than fifteen years of experience, and between $125 and $200 for counsel with less than two years of experience).

Here, assuming *Avila's* "conservative" estimate of 100 counsel hours at a rate of $250 per hour, potential fees in controversy here are, at a minimum, $25,000, which only adds to the amount in controversy.

## B.    Jury Verdicts Establish that Plaintiff's Claims Regularly Result in Damage Awards in Excess of $75,000.

Plaintiff brings claims for: (i) disability discrimination under the FEHA; (ii) failure to accommodate under the FEHA; (iii) failure to engage in the interactive process under the FEHA; (iv) retaliation in violation of the FEHA; and (v) failure to prevent discrimination under the FEHA. *See generally*, Exh. A, Compl. When successful, employment claims, such as the claims Plaintiff asserts, frequently result in jury verdicts in excess of $75,000 (exclusive of attorneys' fees). To establish the amount in controversy, which can include both compensatory and punitive damages, a removing defendant "may introduce evidence of jury verdicts in cases involving analogous facts." *Simmons,* 209 F. Supp. 2d at 1033-34 (finding it proper to consider evidence from various jury verdict reporters to establish the amount in controversy). The following jury verdicts are illustrative:

- *Ismen v. Beverly Hosp.*, Superior Court of Los Angeles, Case No. BC366198 (Aug. 8, 2008, Aug. 13, 2008) (Ernest M. Hiroshige, J.). The jury awarded in excess of $75,000 to plaintiff on her claims for disability discrimination, failure to accommodate and retaliation. Notably, the jury awarded Plaintiff $113,100 for emotional distress and $825,000 for punitive damages alone. Plaintiff was a records clerk at a hospital and suffered various injuries. Plaintiff alleged her employment was terminated though she was still able to do her job. Plaintiff also claimed that her employment was terminated

1    because of her work restrictions and that the termination of her employment

2    was a retaliatory decision. *See* RJN ¶ 1, Exh. A.

3    • *Abarca v. Citizens of Humanity L.L.C.*, Superior Court of Los Angeles, Case.

4    No. BC521900 (March 2, 2017, March 9, 2017) (Frederick C. Shaller, J.).

5    The jury awarded plaintiff $550,000 for punitive damages alone on his

6    claims for disability discrimination, retaliation, failure to prevent

7    discrimination or retaliation, and wrongful termination. Plaintiff was a

8    quality control inspector and began to experience chest and shoulder pain.

9    Plaintiff notified his employer of work restrictions and his employment was

10    ultimately terminated. Plaintiff alleged retaliation and contended that his

11    employment was terminated for requesting reasonable accommodations and

12    reporting his work-related injury and disability. *See* RJN ¶ 2, Exh. B.

13    • *Chavarria v. Management & Training Corp.*, U.S. District Court (S.D. Cal.),

14    Case No. 16-cv-0617-H-RBB (February 1, 2018). The jury awarded

15    $230,000 to a plaintiff who suffered a workplace injury and who alleged

16    disability discrimination, failure to accommodate, failure to engage in the

17    interactive process, and retaliation. *See* RJN ¶ 3, Exh. C.

18    • *Herzig v. Regina L. Edmond, M.D., Inc.*, Superior Court of Los Angeles,

19    Case No. BC579970 (April 21, 2017) (Marc Marmaro, J.). The jury awarded

20    in excess of $75,000 to Herzig on her claims for disability discrimination,

21    age discrimination, retaliation, and failure to accommodate. *See* RJN ¶ 4,

22    Exh. D.

23    Although not identical in every respect, the foregoing cases contain enough

24    similarities to establish that the jurisdictional minimum has been met. *See*

25    *Simmons,* 209 F. Supp. 2d at 1035 (stating that the "fact that the cited cases involve

26    distinguishable facts is not dispositive" and that the cited cases "amply demonstrate

27    the potential for large punitive [and emotional distress] damage awards").

28

1   Accordingly, for all the reasons discussed above, the amount in controversy

2   exceeds $75,000.

3

4   **V.     PROCESS, PLEADINGS AND ORDERS**

5   • Attached hereto as Exhibit "A" is a true and correct file-stamped copy

6     of the Complaint and Civil Case Cover Sheet Plaintiff filed with the

7     Superior Court on August 9, 2021.

8   • Attached hereto as Exhibit "B" is a true and correct copy of the

9     Summons Plaintiff filed with the Superior Court on August 9, 2021.

10  • Attached hereto as Exhibit "C" is a true and correct copy of the

11    Superior Court's Notice of Case Assignment, filed on August 9, 2021.

12  • Attached hereto as Exhibit "D" is a true and correct copy of the Notice

13    of Case Management Conference issued by the Superior Court on

14    August 25, 2021, which Wells Fargo obtained from the Superior

15    Court's website.

16  • Attached hereto as Exhibit "E" is a true and correct copy of the Case

17    Management Conference Statement filed by Plaintiff on December 6,

18    2021, which Wells Fargo obtained from the Superior Court's website.

19  • Attached hereto as Exhibit "F" is a true and correct copy of the Minute

20    Order issued by the Superior Court after the December 7, 2021, Case

21    Management Conference, which Wells Fargo obtained from the

22    Superior Court's website.

23  • Attached hereto as Exhibit "G" is a true and correct copy of the Notice

24    of Service of Process demonstrating that Wells Fargo was served on

25    December 7, 2021.

26  • Attached hereto as Exhibit "H" is a true and correct copy of Wells

27    Fargo's Answer to Plaintiff's Complaint, filed with the Superior Court

28

512696                                    14

1     on January 5, 2022.

2     Wells Fargo is informed and believed that Exhibits "A" through "F" and "H"

3 constitute all the process, pleadings, and/or orders served upon it and/or filed in the

4 Superior Court action.

5     On this day, or no later than the next business day, notice of this removal is

6 being given to both Plaintiff and to the Clerk of the Superior Court.  True and

7 correct copies of these notices are attached hereto as Exhibits "I" and "J,"

8 respectively.  The proof of service of the Notice to Adverse Party of Removal will

9 be filed with this Court immediately after the Notice is served on Plaintiff and the

10 Superior Court filing is accomplished.

11

12 DATED:  January 5, 2022     KADING BRIGGS LLP
           THERESA A. KADING

13

14

15          By:_____
             THERESA A. KADING

16

17          Attorneys for Defendant
           WELLS FARGO BANK, N.A.

18

19

20

21

22

23

24

25

26

27

28

512696

EXHIBIT "A"

# EXHIBIT "A"

Electronically Filed by Superior Court of California, County of Los Angeles on 08/09/2021 03:39 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton, Deputy Clerk
21STCV29307

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Christopher Lui

Jack Perko, SBN 164529
jack@jackperkolaw.com
**LAW OFFICES OF JACK PERKO**
26895 Aliso Creek Road, Suite B66
Aliso Viejo, CA 92656
Phone (949) 390-4442
Fax (949) 916-1039

Attorney for PLAINTIFF
Marisol Perez

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

|  |  |
|---|---|
| MARISOL PEREZ<br><br>    PLAINTIFF,<br><br>  vs.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION, a corporation, and DOES 1 -25, inclusive,<br><br>    DEFENDANTS. | CASE NO. 21STCV29307<br><br>**COMPLAINT FOR EMPLOYMENT DISCRIMINATION**<br><br>1.  DISABILITY DISCRIMINATION<br>2.  FAILURE TO ACCOMMODATE<br>3.  FAILURE TO ENGAGE IN INTERACTIVE PROCESS<br>4.  RETALIATION<br><br>(Jury Trial Demanded) |

PLAINTIFF, MARISOL PEREZ (hereinafter "PLAINTIFF") brings this action against defendants for general, compensatory and punitive damages resulting from DEFENDANTS' unlawful and tortious conduct and, as grounds therefore, alleges:

## PARTIES

1.     PLAINTIFF is informed and believes and thereon alleges that WELLS FARGO BANK, NATIONAL ASSOCIATION ("WELLS FARGO" or "DEFENDANT") is a corporation doing business in this judicial district at 9000 Flair Dr, El Monte, CA 91731, County of Los Angeles.

2.     At all relevant times, DEFENDANT was an employer within the meaning of Government Code § 12926(d) and, as such, was barred from discriminating,

harassing and retaliating in employment decisions on the basis of disability, as set forth in Government Code § 12940 et seq.

3. PLAINTIFF is an individual over the age of 18.

4. At all relevant times, PLAINTIFF was an employee covered by Government Code §12940 et seq., prohibiting discrimination and retaliation in employment on the basis of disability.

5. PLAINTIFF is informed and believes and thereon alleges that events relevant to this complaint occurred in Los Angeles County, California.

6. PLAINTIFF is ignorant of the true names and a capacity of the defendants sued herein as DOES 1 - 25, inclusive, and therefore sues these defendants by such fictitious names. PLAINTIFF will amend this Complaint to allege their true names and capacities when ascertained. PLAINTIFF is informed and believes and thereon alleges that each of the fictitiously named defendants are responsible in some manner for the occurrences alleged herein, and that PLAINTIFF's damages alleged herein were proximately caused by these defendants.

7. PLAINTIFF is informed and believes and thereon alleges that at all times relevant hereto, defendants and their agents, employees, and DOES 1 - 25 inclusive, in doing the things hereinafter alleged, were acting within the course and scope of such agency and employment. To the extent that said conduct and omissions were perpetrated by defendants and their agents, the defendants confirmed and ratified said conduct and omission.

8. Whenever and wherever reference is made to individuals who are not named as PLAINTIFF or defendants in this Complaint but were agents, servants, employees and or supervisors of defendants, such individuals at all relevant times acted on behalf of defendants within the course and scope of their employment.

## FACTUAL ALLEGATIONS

9. In March of 2014, PLAINTIFF was hired by DEFENDANTS, WELLS FARGO as a Phone Banker 2. PLAINTIFF'S job was to answer telephones, answer

1    customer service calls and help with anything the bank needed with bank accounts.

2        10.    On October 19, 2016, PLAINTIFF injured her back when she fell from an

3    office chair.  PLAINTIFF immediately went to the emergency room and was taken off

4    work for a short time.

5        11.    PLAINTIFF was then returned to work with medical restrictions of being

6    able to stand and walk every 5 minutes and take a break every 15-20 minutes.

7        12.    For    approximately    three    years    DEFENDANTS    accommodated

8    PLAINTIFF'S medical restrictions.  PLAINTIFF was able to perform her usual and

9    customary duties while being able to stand and walk every 5 minutes and take a break

10   every 15-20 minutes..

11       13.    On or about May 3, 2019, the restrictions of  being able to stand and walk

12   every 5 minutes and take a break every 15-20 minutes became permanent.

13       14.    At that time, the company said they could no longer accommodate

14   PLAINTIFF's restrictions because her restrictions had been made permanent.

15       15.    On or about May 13, DEFENDANTS told PLAINTIFF that they would find

16   her another job with the company.  However, DEFENDANT never offered the

17   PLAINTIFF another job.

18       16.    On or about August 2, 2019, PLAINTIFF received a letter in the mail from

19   DEFENDANTS saying that PLAINTIFF's employment had ended.  PLAINTIFF's

20   workers Compensation settlement stated that PLAINTIFF was terminated on July 29,

21   2019

22       17.    On or about April of 2020, all of PLAINTIFF's medical restrictions were

23   lifted.

24       18.    The reason given for PLAINTIFF'S termination was pretextual.

25   PLAINTIFF had been able to perform all the essential functions of her job with the

26   same temporary medical restrictions as permanent medical restrictions.

27       19.    PLAINTIFF is informed and believes and thereon alleges that

28   PLAINTIFF'S doctor, through medical reports, was in immediate contact with

COMPLAINT FOR EMPLOYMENT DISCRIMINATION

DEFENDANT and gave DEFENDANT immediate notice of the PLAINTIFF'S work restrictions throughout the course of her employment.

20. DEFENDANT failed to engage in an interactive process in good faith to accommodate PLAINTIFF'S work restrictions. Instead of engaging in an interactive process and continuing to accommodate her medical restrictions, DEFENDANT took PLAINTIFF off work when those same medical restrictions became permanent.

21. PLAINTIFF was discriminated against and terminated, for having sustained work related injuries, because DEFENDANT did not want to make an accommodation for her injury or injuries as they perceived them, because she made a claim for worker's compensation benefits, and because DEFENDANT viewed her as a liability.

22. PLAINTIFF has complied with the provisions of California Government Code Section 12930 et seq. as an administrative prerequisite to filing this Complaint. On or about August 4, 2021, and within three years of the date of the last discrimination, PLAINTIFF filed a charge of discrimination with the California Department of Fair Employment and Housing, which issued an immediate right to sue letter (See, Attachment I).

## FIRST CAUSE OF ACTION

### EMPLOYMENT DISCRIMINATION BASED ON DISABILITY OR PERCEIVED DISABILITY - VIOLATION OF FEHA

### (Government Code Section 12900 et seq.)

### (Against DEFENDANT and DOES 1 - 25, inclusive)

23. PLAINTIFF refers to and incorporates by reference each and every allegation contained in each and every paragraph above, as though fully set forth at this place.

24. The Fair Employment and Housing Act ("FEHA") codified in Government Code §12900 et seq. makes it unlawful for an employer to discriminate against an employee on the basis of the employee's disability.

---

COMPLAINT FOR EMPLOYMENT DISCRIMINATION

25.    DEFENDANT engaged in unlawful employment practices in violation of the FEHA by terminating the PLAINTIFF on the basis of the PLAINTIFF'S disability or perceived disability, failing to engage in the interactive process in good faith to determine if the PLAINTIFF could be given a reasonable accommodation and failing to provide the PLAINTIFF with a reasonable accommodation.

26.    PLAINTIFF is informed and believes and based thereon alleges that the PLAINTIFF'S disability was a motivating factor in the DEFENDANT'S decision to terminate the PLAINTIFF'S employment and other discrimination against the PLAINTIFF in violation of Government Code §12940(a).

27.    As a direct and proximate result of the DEFENDANT'S above-described discriminatory conduct in violation of the California Fair Employment and Housing Act Government Code Section 12900 et seq., PLAINTIFF has suffered and will continue to suffer actual damages, including lost earnings, medical costs and other employment benefits, in a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known, which amount will be proved at the time of trial.

28.    As a further direct and proximate result of the DEFENDANT'S above-described discriminatory conduct in violation of the California Fair Employment and Housing Act Government Code Section 12900 et seq. PLAINTIFF has suffered and will continue to suffer emotional damages in a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known, which amount will be proved at the time of trial.

29.    In bringing this action, PLAINTIFF has been required to retain the services of counsel.  Pursuant to California Government Code § 12965(b), PLAINTIFF is entitled to an award of attorney fees according to proof.

30.    The aforementioned acts taken toward the PLAINTIFF were authorized and ratified by the DEFENDANT'S officers, directors, managerial and supervisory employees who participated in the unlawful conduct as alleged above or who failed to take remedial measures after becoming aware of said unlawful acts.  The

1  aforementioned acts of the DEFENDANT were willful, oppressive, malicious and

2  fraudulent, and were done in conscious disregard of the rights of the PLAINTIFF, in

3  that the DEFENDANT'S decision to terminate the PLAINTIFF'S employment based on

4  the PLAINTIFF'S disability or disability as it was perceived by the DEFENDANT was

5  done with intent to injure the PLAINTIFF and with the intent to prevent the exercise of

6  the PLAINTIFF'S statutory rights and obligations. The PLAINTIFF is therefore entitled

7  to punitive damages in an amount which will be proved at the time of trial.

8  ### SECOND CAUSE OF ACTION

9  **EMPLOYMENT DISCRIMINATION BASED ON FAILURE TO**

10  **ACCOMMODATE DISABILITY OR PERCEIVED DISABILITY**

11  **VIOLATION OF FEHA**

12  **(Government Code Section 12900 et seq.)**

13  **(Against DEFENDANT and DOES 1 - 25, inclusive)**

14      31.   PLAINTIFF refers to and incorporates by reference each and every

15  allegation contained in each and every paragraph above, as though fully set forth at this

16  place.

17      32.   At all times herein, PLAINTIFF was willing and able to perform the duties

18  and functions of the position in which PLAINTIFF was employed and or trained, or

19  could have performed the duties and functions of that position with reasonable

20  accommodations. At no time would the performance of the functions of the

21  employment position, with a reasonable accommodation for PLAINTIFF'S disability or

22  PLAINTIFF'S disability as it was perceived by the DEFENDANT, have been a danger to

23  PLAINTIFF or any other person's health or safety. Accommodation of PLAINTIFF'S

24  disability or disability as it was perceived by the DEFENDANT would not have imposed

25  an undue hardship on the DEFENDANT.

26      33.   DEFENDANT'S discriminatory actions against PLAINTIFF, as alleged

27  above, constituted unlawful discrimination in employment on account of PLAINTIFF'S

28  disability or disability as it was perceived by the DEFENDANT in violation of the

1  California Fair Employment and Housing Act Government Code Section 12900 et seq.

2  34.  As a direct and proximate result of DEFENDANT'S above-described

3  discriminatory conduct in violation of the California Fair Employment and Housing Act

4  Government Code Section 12900 et seq., PLAINTIFF has suffered and will continue to

5  suffer actual damages, including lost earnings, medical costs and other employment

6  benefits, in a sum in excess of the jurisdictional limit of this Court, the exact amount of

7  which is not yet known, which amount will be proved at the time of trial.

8  35.  As a further direct and proximate result of the DEFENDANT'S above-

9  described discriminatory conduct in violation of the California Fair Employment and

10  Housing Act, PLAINTIFF has suffered and will continue to suffer emotional damages in

11  a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not

12  yet known, which amount will be proved at the time of trial.

13  36.  In bringing this action, PLAINTIFF has been required to retain the

14  services of counsel. Pursuant to California Government Code § 12965(b), PLAINTIFF is

15  entitled to an award of attorney fees according to proof.

16  37.  The aforementioned acts taken toward PLAINTIFF were authorized and

17  ratified by the DEFENDANT'S officers, directors and managerial and supervisory

18  employees who participated in the unlawful conduct as alleged above or who failed to

19  take remedial measures after becoming aware of said unlawful acts. The

20  aforementioned acts of the DEFENDANT were willful, oppressive, malicious and

21  fraudulent, and were done in conscious disregard of the rights of PLAINTIFF, in that

22  the DEFENDANT'S failure to accommodate PLAINTIFF was done with intent to

23  prevent the exercise of PLAINTIFF'S statutory rights and obligations. PLAINTIFF is

24  therefore entitled to punitive damages in an amount which will be proved at the time of

25  trial.

### THIRD CAUSE OF ACTION

### FAILURE TO ENGAGE IN A TIMELY, GOOD FAITH, INTERACTIVE PROCESS WITH PLAINTIFF

COMPLAINT FOR EMPLOYMENT DISCRIMINATION

**(Government Code, Section 12940(n))**

**(Against DEFENDANT and DOES 1 - 25, inclusive)**

38.    PLAINTIFF refers to and incorporates by reference each and every allegation contained in each and every paragraph above, as though fully set forth at this place.

39.    Government Code, Section 12940, subdivision (n), makes it illegal for an employer "to fail to engage in a timely, good faith, interactive process with the employee . . . to determine effective reasonable accommodations, if any, in response to a request for ...reasonable accommodation by an employee ... with a known physical . . . disability..."

40.    In addition, California Code of Regulations, §7294.0 requires an employer or other covered entity to initiate an interactive process when (1) requested by an employee; (2) when the employer becomes aware of the need for an accommodation through a third party or by observation; or (3) when the employee has exhausted leave under the Workers Compensation Act, FMLA, or CFRA.

41.    At all relevant times herein, DEFENDANT was aware that PLAINTIFF had work restrictions issued in connection with an industrial accident that could affect her ability to perform her job, at which point DEFENDANT was obligated to initiate an interactive process.

42.    DEFENDANT failed to engage is a timely, good faith, interactive process with the PLAINTIFF to determine effective reasonable accommodations for the PLAINTIFF'S known disabilities and, instead the DEFENDANT terminated the PLAINTIFF'S employment in violation of Government Code, Section 12940(n).

43.    As a direct and proximate result of the DEFENDANT'S above-described discriminatory conduct in violation of the California Fair Employment and Housing Act Government Code Section 12900 et seq., PLAINTIFF has suffered and will continue to suffer actual damages, including lost earnings, medical costs and other employment benefits, in a sum in excess of the jurisdictional limit of this Court, the exact amount of

1  which is not yet known, which amount will be proved at the time of trial.

2      44.    As a further direct and proximate result of the DEFENDANT'S above-
3  described discriminatory conduct in violation of the California Fair Employment and
4  Housing Act, PLAINTIFF has suffered and will continue to suffer emotional damages in
5  a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not
6  yet known, which amount will be proved at the time of trial.

7      45.    In bringing this action, PLAINTIFF has been required to retain the
8  services of counsel. Pursuant to California Government Code § 12965(b), PLAINTIFF is
9  entitled to an award of attorney fees according to proof.

10      46.    The aforementioned acts taken toward PLAINTIFF were authorized and
11  ratified by the DEFENDANT'S officers, directors, managerial and supervisory
12  employees who participated in the unlawful conduct as alleged above or who failed to
13  take remedial measures after becoming aware of said unlawful acts. The
14  aforementioned acts of the DEFENDANT were willful, oppressive, malicious and
15  fraudulent and were done in conscious disregard of the rights of PLAINTIFF, in that the
16  DEFENDANT'S failure to engage in an interactive process was done with intent to
17  prevent the exercise of PLAINTIFF'S statutory rights and obligations. PLAINTIFF is
18  therefore entitled to punitive damages in an amount which will be proved at the time of
19  trial.

20                      **FOURTH CAUSE OF ACTION**

21      **FAILURE TO PREVENT DISCRIMINATION IN VIOLATION OF FEHA**
22            **(Against DEFENDANT and DOES 1 - 25, inclusive)**

23      47.    PLAINTIFF refers to and incorporates by reference each and every
24  allegation contained in each and every paragraph above, as though fully set forth at this
25  place.

26      48.    DEFENDANT failed to take all reasonable steps necessary to prevent
27  disability discrimination in its workplace.

28      49.    On information and belief, PLAINTIFF alleges that DEFENDANT had

---

1 | inadequate policies and procedures, and failed to implement or enforce the policies and
2 | procedures they did have, to prevent discrimination in the workplace.

3 |      50.    As a legal and proximate result of DEFENDANT'S actions, PLAINTIFF
4 | has suffered special and general damages, as previously alleged.

5 |      51.    In bringing this action, PLAINTIFF has been required to retain the
6 | services of counsel. Pursuant to California Government Code § 12965(b), PLAINTIFF is
7 | entitled to an award of attorney fees according to proof.

8 |      52.    The aforementioned acts taken toward PLAINTIFF were taken,
9 | authorized and/or ratified by the DEFENDANT'S officers, directors, managerial and
10 | supervisory employees who participated in the unlawful conduct as alleged above or
11 | who failed to take remedial measures after becoming aware of said unlawful acts. The
12 | aforementioned acts of the DEFENDANT were willful, oppressive, malicious and
13 | fraudulent, and were done in conscious disregard of the rights of PLAINTIFF, in that
14 | the DEFENDANT'S decision to terminate PLAINTIFF'S employment based on
15 | PLAINTIFF'S disability or disability as it was perceived by the DEFENDANT was done
16 | with intent to prevent the exercise of PLAINTIFF'S statutory rights and obligations.
17 | PLAINTIFF is therefore entitled to punitive damages in an amount which will be
18 | proved at the time of trial.

19 | **FIFTH CAUSE OF ACTION**

20 | **RETALIATION**

21 | **(Against DEFENDANT and DOES 1 - 25, inclusive)**

22 |      53.    PLAINTIFF refers to and incorporates by reference each and every
23 | allegation contained in each and every paragraph above, as though fully set forth at this
24 | place.

25 |      54.    During PLAINTIFF'S employment, PLAINTIFF engaged in the following
26 | legally protected activities:

27 |           a.    Made a claim for worker's compensation benefits;

28 |           b.    Requested an accommodation.

COMPLAINT FOR EMPLOYMENT DISCRIMINATION

55.    DEFENDANT terminated the PLAINTIFF'S employment. The PLAINTIFF'S protected activities were motivating factors for the DEFENDANT'S decision to terminate the PLAINTIFF'S employment.

56.    As a direct and proximate result of the DEFENDANT'S above-described discriminatory conduct in violation of the California Fair Employment and Housing Act Government Code Section 12900 et seq., PLAINTIFF has suffered and will continue to suffer actual damages, including lost earnings and other employment benefits, in a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known, which amount will be proved at the time of trial.

57.    As a further direct and proximate result of the DEFENDANT'S above-described discriminatory conduct in violation of the California Fair Employment and Housing Act, PLAINTIFF has suffered and will continue to suffer emotional damages in a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known, which amount will be proved at the time of trial.

58.    In bringing this action, PLAINTIFF has been required to retain the services of counsel. Pursuant to California Government Code § 12965(b), PLAINTIFF is entitled to an award of attorney fees according to proof.

59.    The aforementioned acts taken toward PLAINTIFF were authorized and ratified by the DEFENDANT'S officers, directors, managerial and supervisory employees who participated in the unlawful conduct as alleged above or who failed to take remedial measures after becoming aware of said unlawful acts. The aforementioned acts of the DEFENDANT were willful, oppressive, malicious and fraudulent, and were done in conscious disregard of the rights of PLAINTIFF, in that the DEFENDANT'S act of retaliation was done with intent to prevent the exercise of PLAINTIFF'S statutory rights and obligations. PLAINTIFF is therefore entitled to punitive damages in an amount which will be proved at the time of trial.

### PRAYER

Wherefore, PLAINTIFF prays for judgment as follows:

---

COMPLAINT FOR EMPLOYMENT DISCRIMINATION

1.      For compensatory damages including medical costs, lost wages, earnings and other employee benefits and all other sums of money, according to proof:

2.      For compensatory damages for mental anguish and emotional distress, according to proof;

3.      For costs of suit;

4.      For prejudgment interest;

6.      For an award of punitive damages, according to proof;

7.      For an award of attorney's fees, according to proof.

<strong><u>DEMAND FOR JURY TRIAL</u></strong>

PLAINTIFF hereby demands trial of all claims by jury to the extent authorized by law.

DATED:  August 4, 2021,            **LAW OFFICES OF JACK PERKO**

 

 

Jack Perko, Attorney for PLAINTIFF
Marisol Perez

1
2
3
4
5
6
7
8

# ATTACHMENT I

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COMPLAINT FOR EMPLOYMENT DISCRIMINATION



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

August 4, 2021

Jack Perko
26895 Aliso Creek Road Suite B66
Aliso Viejo, California 92656

RE:     **Notice to Complainant's Attorney**
         DFEH Matter Number: 202108-14366904
         Right to Sue: Perez / WELLS FARGO BANK, NATIONAL ASSOCIATION et al.

Dear Jack Perko:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also attached is a copy of your
Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                              KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

August 4, 2021

RE:    **Notice of Filing of Discrimination Complaint**
       DFEH Matter Number: 202108-14366904
       Right to Sue: Perez / WELLS FARGO BANK, NATIONAL ASSOCIATION et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit. A
copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot
program. Under this program, established under Government Code section 12945.21,
a small employer with 5 -19 employees, charged with violation of the California Family
Rights Act, Government Code section 12945.2, has the right to participate in DFEH's
free voluntary mediation service. Under this program both the employee requesting an
immediate right to sue and the employer charged with the violation may request that all
parties participate in DFEH's free voluntary mediation service. A request for mediation
must be made within 30 days of receipt of the Notice of Case Closure and Right to Sue.
If mediation is requested, the employee is prohibited from filing a civil action until
mediation is complete. The employee's statute of limitations to file a civil action,
including for all related claims not arising under section 12945.2, is tolled from DFEH's
receipt of a mediation request under section 12945.21 until mediation is complete.  To
request DFEH Small Employer Family Leave Mediation, email
DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on
the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                     KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

August 4, 2021

Marisol Perez
P.O. Box 6241
Burbank, California 91510

RE:   **Notice of Case Closure and Right to Sue**
       DFEH Matter Number: 202108-14366904
       Right to Sue: Perez / WELLS FARGO BANK, NATIONAL ASSOCIATION et al.

Dear Marisol Perez:

This letter informs you that the above-referenced complaint filed with the Department of
Fair Employment and Housing (DFEH) has been closed effective August 4, 2021
because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot
program. Under this program, established under Government Code section 12945.21, a
small employer with 5 -19 employees, charged with violation of the California Family
Rights Act, Government Code section 12945.2, has the right to participate in DFEH's
free voluntary mediation service. Under this program both the employee requesting an
immediate right to sue and the employer charged with the violation may request that all
parties participate in DFEH's free voluntary mediation service. A request for mediation
must be submitted to the DFEH within 30 days of receipt of the Notice of Case Closure
and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil
action until mediation is complete. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled from
DFEH's receipt of a mediation request under section 12945.21 until mediation is
complete.  To request DFEH Small Employer Family Leave Mediation, email
DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on
the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                          GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                  KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Marisol Perez

DFEH No. 202108-14366904

Complainant,

vs.

WELLS FARGO BANK, NATIONAL ASSOCIATION
9000 Flair Dr.
El Monte, California 91731

WELLS FARGO BANK, NATIONAL ASSOCIATION
101 North Phillips Ave.
Sioux Falls, South Dakota 57104

Respondents

---

**1.** Respondent **WELLS FARGO BANK, NATIONAL ASSOCIATION** is an employer **WELLS FARGO BANK, NATIONAL ASSOCIATION** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.** Complainant is naming **WELLS FARGO BANK, NATIONAL ASSOCIATION** business as Co-Respondent(s).

**3.** Complainant **Marisol Perez**, resides in the City of **Burbank**, State of **California.**

**4.** Complainant alleges that on or about **August 2, 2019**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's disability (physical or mental), medical condition (cancer or genetic characteristic), family care or medical leave (cfra) and as a result of the discrimination was terminated, denied reasonable accommodation for a disability, denied family care or medical leave (cfra).

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation, requested or used family care or medical leave (cfra) and as a result was terminated, denied reasonable accommodation for a disability, denied family care or medical leave (cfra).

-1-
*Complaint – DFEH No. 202108-14366904*

Date Filed: August 4, 2021

**Additional Complaint Details:** In March of 2014, PLAINTIFF was hired by DEFENDANTS, WELLS FARGO as a Phone Banker 2. PLAINTIFF'S job was to answer telephones, answer customer service calls and help with anything the bank needed with bank accounts.

On October 19, 2016, PLAINTIFF injured her back when she fell from an office chair. PLAINTIFF immediately went to the emergency room and was taken off work for a short time.

PLAINTIFF was then returned to work with medical restrictions of being able to stand and walk every 5 minutes and take a break every 15-20 minutes.

For approximately three years DEFENDANTS accommodated PLAINTIFF'S medical restrictions. PLAINTIFF was able to perform her usual and customary duties while being able to stand and walk every 5 minutes and take a break every 15-20 minutes..

On or about May 3, 2019, the restrictions of being able to stand and walk every 5 minutes and take a break every 15-20 minutes became Permanent.

At that time, the company said they could no longer accommodate PLAINTIFF's restrictions because her restrictions had been made permanent.

On or about May 13, DEFENDANTS told PLAINTIFF that they would find her another job with the company. However, DEFENDANT never offered the PLAINTIFF another job.

On or about August 2, 2019, PLAINTIFF received a letter in the mail from DEFENDANTS saying that PLAINTIFF's employment had ended.   PLAINTIFF's workers Compensation settlement stated that PLAINTIFF was terminated on July 29, 2019

On or about April of 2020, all of PLAINTIFF's medical restrictions were lifted.

-2-

*Complaint – DFEH No. 202108-14366904*

Date Filed: August 4, 2021

VERIFICATION

I, **Jack Perko**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On August 4, 2021, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Aliso Viejo Ca**

-3-
*Complaint – DFEH No. 202108-14366904*

Date Filed: August 4, 2021

Electronically Filed by Superior Court of California, County of Los Angeles on 08/04/2021 03:38 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R Clifford,Deputy Clerk

21STCV29307

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Jack Perko SBN 164529<br>Law Office of Jack Perko<br>26895 Aliso Creek Road, Suite B66<br>Aliso Viejo, CA 92656<br>  TELEPHONE NO.: (949) 390-4442    FAX NO.: (949) 916-1039<br>ATTORNEY FOR *(Name)*: | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
  STREET ADDRESS: 111 North Hill Street
  MAILING ADDRESS:
  CITY AND ZIP CODE: Los Angeles, CA 92012
  BRANCH NAME: Stanley Mosk

CASE NAME:
Marisol Perez v. Wells Fargo

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>21STCV29307 |
|---|---|---|---|---|
| ✓ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
✓ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ✓ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. ☐ Large number of separately represented parties  d. ☐ Large number of witnesses
  b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve  e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  c. ☐ Substantial amount of documentary evidence  f. ☐ Substantial postjudgment judicial supervision
3. Type of remedies sought *(check all that apply)*:
  a. ✓ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ✓ punitive
4. Number of causes of action *(specify)*: 4
5. This case ☐ is ✓ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: August 4, 2021

Jack Perko
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
• Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

**CIVIL CASE COVER SHEET**

American LegalNet, Inc.
www.Forms*Workflow*.com

**CM-010**

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

## To Plaintiffs and Others Filing First Papers

If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 5 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. You do not need to submit a cover sheet with amended papers. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

## To Parties in Complex Cases

In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
    Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment (*non-domestic relations*)
    Sister State Judgment
    Administrative Agency Award (*not unpaid taxes*)
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-harassment*)
    Mechanics Lien
    Other Commercial Complaint Case (*non-tort/non-complex*)
    Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late Claim
    Other Civil Petition

| SHORT TITLE: Marisol Perez v. Wells Fargo | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES · CLASS ACTION? ☐ YES LIMITED CASE? ☐ YES TIME ESTIMATED FOR TRIAL 5 · ☐ HOURS/ ☑ DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

| SHORT TITLE: Marisol Perez v. Wells Fargo | CASE NUMBER | |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation         Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM  
AND STATEMENT OF LOCATION**

| SHORT TITLE: Marisol Perez v. Wells Fargo | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

| SHORT TITLE: Marisol Perez v. Wells Fargo | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON:  Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☑2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS: 9000 Flair Dr, El Monte |
|---|---|

| CITY: El Monte | STATE: CA | ZIP CODE: 91731 | |
|---|---|---|---|

**Item IV.** *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Stanley Mosk___ courthouse in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: ___August 4, 2021___

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

EXHIBIT "B"

# EXHIBIT "B"

Electronically FILED by Superior Court of California, County of Los Angeles on 08/09/2021 08:39 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk
21STCV29307

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WELLS FARGO BANK, NATIONAL ASSOCIATION, a corporation,
and DOES 1 -25, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MARISOL PEREZ

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | CASE NUMBER:<br>*(Número del Caso):*<br>21STCV29307 |
|---|---|

Superior Court, County of Los Angeles, Central District
111 North Hill Street, Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jack Perko, 26895 Aliso Creek Road, Suite B66, Aliso Viejo, CA 92656 (949) 390-4442

Sherri R. Carter Executive Officer / Clerk of Court

| DATE:<br>*(Fecha)* | 08/09/2021 | Clerk, by<br>*(Secretario)* | R. Clifton | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |
|---|---|---|

American LegalNet, Inc.

EXHIBIT "C"

EXHIBIT "C"

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: Stanley Mosk Courthouse 111 North Hill Street, Los Angeles, CA 90012 | **FILED** Superior Court of California County of Los Angeles **08/09/2021** Sherri R. Carter, Executive Officer / Clerk of Court By: R. Clifton, Deputy |
| **NOTICE OF CASE ASSIGNMENT** **UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER: 21STCV29307 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | Christopher K. Lui | 76 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 08/10/2021
   (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By R. Clifton , Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

EXHIBIT "D"

# EXHIBIT "D"

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

08/25/2021

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ S. Sato _____ Deputy

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF:
Marisol Perez

DEFENDANT:
Wells Fargo Bank, National Association

## NOTICE OF CASE MANAGEMENT CONFERENCE

CASE NUMBER:
21STCV29307

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 12/07/2021 | Time: 8:30 AM | Dept.: 76 |

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT  FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC, Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: __08/25/2021__

_____ Christopher K. Lui / Judge _____
Judicial Officer

---

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in __Los Angeles__, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Jack Perko
26895 Aliso Creek Road
Suite B66
Aliso Viejo, CA 92656

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: __08/25/2021__

By __S. Sato__
Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03
For Optional Use

# NOTICE OF
# CASE MANAGEMENT CONFERENCE

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter V@^^

EXHIBIT "E"

# EXHIBIT "E"

Electronically FILED by Superior Court of California, County of Los Angeles on 12/06/2021 12:00 AM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Panganiban,Deputy Clerk
Case 2:22-cv-00077-FMO-PLA    Document 1    Filed 01/05/22    Page 51 of 75    Page ID
#:51

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):

Jack Perko, SBN 164529
LAW OFFICES OF JACK PERKO
26895 Aliso Creek Road,  Suite B66, Aliso Viejo, CA 92656
TELEPHONE NO.: 949-390-4442    FAX NO. (Optional): 949-916-1039
E-MAIL ADDRESS (Optional): jack@jackperkolaw.com
ATTORNEY FOR (Name): Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Barbara
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles CA 90012
BRANCH NAME: Stanley Mosk Courthouse

PLAINTIFF/PETITIONER: Marisol Perez

DEFENDANT/RESPONDENT: Wells Fargo Bank

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| (Check one):  [✓] UNLIMITED CASE (Amount demanded exceeds $25,000)   [ ] LIMITED CASE (Amount demanded is $25,000 or less) | 21STCV29307 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date:  December 7, 2021    Time:  8:30    Dept.: 76    Div.:    Room:

Address of court (if different from the address above):

[ ]  Notice of Intent to Appear by Telephone,  by (name):

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1.  **Party or parties** (answer one):
    a.  [✓]  This statement is submitted by party (name):  Marisol Perez
    b.  [ ]  This statement is submitted **jointly** by parties (names):

2.  **Complaint and cross-complaint** (to be answered by plaintiffs and cross-complainants only)
    a.  The complaint was filed on (date):  August 9, 2021
    b.  [ ]  The cross-complaint, if any, was filed on (date):

3.  **Service** (to be answered by plaintiffs and cross-complainants only)
    a.  [ ]  All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
    b.  [✓]  The following parties named in the complaint or cross-complaint
        (1)  [✓]  have not been served (specify names and explain why not):
             Defendant Wells Fargo was served at the wrong address, service is being sent again.
        (2)  [ ]  have been served but have not appeared and have not been dismissed (specify names):
        (3)  [ ]  have had a default entered against them (specify names):
    c.  [ ]  The following additional parties may be added (specify names, nature of involvement in case, and date by which they may be served):

4.  **Description of case**
    a.  Type of case in  [✓]  complaint    [ ]  cross-complaint    (Describe, including causes of action):
        1) DISABILITY DISCRIMINATION, FAILURE TO ACCOMMODATE, RETALIATION

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

CM-110

| PLAINTIFF/PETITIONER: Marisol Perez | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Wells Fargo Bank | 21STCV29307 |

4.   b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Plaintiff suffered a work related injury - at first defendant made accomodations to plantiff's disability but then claimed they could no longer do so when the restrictions became permanent.  Defendant then promised to offer plaintiff a different job, failed to do so, and then terminated plaintiff.  Damages 25k plus.

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**
The party or parties request   ☑ a jury trial   ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.   **Trial date**
a.   ☐   The trial has been set for *(date):*
b.   ☑   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
Trials  1/31/22, 2/4/22, 2/22/22, 2/28/22, 3/7/22, 4/11/22, 5/16/22, 6/20/22, 6/9/23

7.   **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.   ☑   days *(specify number):* 5
b.   ☐   hours (short causes) *(specify):*

8.   **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial   ☑ by the attorney or party listed in the caption   ☐ by the following:
a.   Attorney:
b.   Firm:
c.   Address:
d.   Telephone number:                                              f.   Fax number:
e.   E-mail address:                                               g.   Party represented:
☐   Additional representation is described in Attachment 8.

9.   **Preference**
☐   This case is entitled to preference *(specify code section):*

10.   **Alternative dispute resolution (ADR)**

a.   **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel ☑ has   ☐ has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party ☐ has   ☐ has not   reviewed the ADR information package identified in rule 3.221.

b.   **Referral to judicial arbitration or civil action mediation** *(if available).*

(1)   ☐   This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2)   ☐   Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3)   ☑   This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*
CRC 3.811(b)(8)

CM-110

| PLAINTIFF/PETITIONER: Marisol Perez | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Wells Fargo Bank | 21STCV29307 |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☑ | ☑ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☑ | ☑ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

**CASE MANAGEMENT STATEMENT**

**CM-110**

| PLAINTIFF/PETITIONER: Marisol Perez | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Wells Fargo Bank | 21STCV29307 |

**11. Insurance**
   a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
   b. Reservation of rights: ☐ Yes ☐ No
   c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
   ☐ Bankruptcy ☐ Other *(specify):*
   Status:

**13. Related cases, consolidation, and coordination**
   a. ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
      ☐ Additional cases are described in Attachment 13a.
   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
   ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**
   a. ☐ The party or parties have completed all discovery.
   b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiff | Written Discovery | 6-1-22 |
| Plaintiff | Depositions | 8-1-22 |

   c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

CM-110

| PLAINTIFF/PETITIONER: | Marisol Perez | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | Wells Fargo Bank | 21STCV29307 |

17. **Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**

☑ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

Solid Rock Inc. has Answered, Plaintiff's counsel has spoken to Barrett Business Systems and they intend on responding.

19. **Meet and confer**

a. ☑ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

The Parties will meet and confer prior to the CMC.

b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: November 23, 2021

Jack Perko
_____
(TYPE OR PRINT NAME)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

EXHIBIT "F"

EXHIBIT "F"

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 76

| | |
|---|---|
| 21STCV29307 | December 7, 2021 |
| **MARISOL PEREZ vs WELLS FARGO BANK, NATIONAL ASSOCIATION** | 8:30 AM |

Judge: Honorable Christopher K. Lui          CSR: None
Judicial Assistant: J. Marquez               ERM: None
Courtroom Assistant: S. Sato                 Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Marilyn Thomassen (via Audio) for Jack Perko (via Audio)

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Case Management Conference

The matter is called for hearing.

There is no appearance by or for the Defendant.

The Court and counsel confer regarding the status of the case. The Court reviews the case through the Court Management System (CMS) and informs the Court there is no proof of service as to Defendant Wells Fargo. After conferring with counsel the Court rules as follows:

Case Management Conference is continued to 03/10/2022 at 08:30 AM in Department 76 at Stanley Mosk Courthouse.

Order to Show Cause Re: Proof of Service as to Defendant Wells Fargo Bank is scheduled for 03/10/2022 at 08:30 AM in Department 76 at Stanley Mosk Courthouse.

Plaintiff is to give notice.

EXHIBIT "G"

# EXHIBIT "G"



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 24169240**
**Date Processed: 12/08/2021**

| | |
|---|---|
| **Primary Contact:** | WF West - WF Bank<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |

| | |
|---|---|
| **Entity:** | Wells Fargo Bank, National Association<br>Entity ID Number  2013649 |
| **Entity Served:** | Wells Fargo Bank, National Association |
| **Title of Action:** | Marisol Perez vs. Wells Fargo Bank, National Association |
| **Matter Name/ID:** | Marisol Perez vs. Wells Fargo Bank, National Association (11801807) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Los Angeles County Superior Court, CA |
| **Case/Reference No:** | 21STCV29307 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 12/07/2021 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Law Offices of Jack Perko<br>949-390-4442 |
| **Client Requested Information:** | Matter Management User Groups: [LITIGATION Employee]<br>Routing Rules (CSC): R0710<br>Classification: Standard |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

EXHIBIT "H"

# EXHIBIT "H"

Electronically FILED by Superior Court of California, County of Los Angeles on 01/05/2022 09:07 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Yanez,Deputy Clerk

THERESA A. KADING (SBN 211469)
Email: tkading@kadingbriggs.com
KADING BRIGGS LLP
100 Spectrum Center Drive, Suite 800
Irvine, California 92618
Telephone: (949) 450-8040
Facsimile: (949) 450-8033

Attorneys for Defendant
WELLS FARGO BANK, N.A.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| MARISOL PEREZ,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION, a corporation, and DOES 1-25, inclusive,<br><br>Defendants. | CASE NO. 21STCV29307<br><br>Assigned for all purposes to Hon. Christopher K. Lui in Dept. 76<br><br>**ANSWER OF DEFENDANT WELLS FARGO BANK, N.A. TO PLAINTIFF MARISOL PEREZ'S COMPLAINT**<br><br>Complaint Filed:    August 9, 2021 |

512691

1

Defendant Wells Fargo Bank, N.A. (hereinafter, "Defendant"), for itself and for no other defendant, answers the Complaint ("Complaint") of plaintiff Marisol Perez ("Plaintiff") as follows:

## **GENERAL DENIAL**

Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant denies, generally and specifically, each and every allegation in the Complaint. Defendant further denies, generally and specifically, that Plaintiff is entitled to the relief requested, or that Plaintiff has been or will be damaged in any sum, or at all, by reason of any act or omission on the part of Defendant, or any of its past or present agents, representatives, or employees, acting in the course and scope of their employment.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

1.     The Complaint, and each and every purported cause of action contained therein, fails to state facts sufficient to constitute any claim upon which relief may be granted against Defendant.

### SECOND AFFIRMATIVE DEFENSE

2.     The Complaint, and each and every purported cause of action contained therein, is barred, in whole or in part, by the applicable statute of limitations, including, but not limited to, California Code of Civil Procedure Sections 335.1, 338, 340, and 343, and California Government Code Sections 12960 and 12965.

512691

DEFENDANT WELLS FARGO BANK, N.A.'S ANSWER TO PLAINTIFF'S COMPLAINT

## THIRD AFFIRMATIVE DEFENSE

3.      The Complaint, and each and every purported cause of action contained therein, is barred in whole or in part by the doctrine of waiver.

## FOURTH AFFIRMATIVE DEFENSE

4.      Plaintiff has failed to mitigate her damages, if any, and therefore any damages awarded to her must be reduced or eliminated to the extent to which such damages could have been avoided by a reasonable effort to mitigate the same.

## FIFTH AFFIRMATIVE DEFENSE

5.      The Complaint, and each and every purported cause of action contained therein, is barred, in whole or in part, by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

6.      The Complaint, and each and every purported cause of action contained therein, is barred in whole or in part by the doctrine of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

7.      Plaintiff is barred, in part or total, from the recovery of any damages based upon the doctrine of after-acquired evidence.

## EIGHTH AFFIRMATIVE DEFENSE

8.      Plaintiff has entered into a release encompassing causes of action alleged in the Complaint and the Complaint, and each and every purported cause of action contained therein, is barred by that release.

512691

DEFENDANT WELLS FARGO BANK, N.A.'S ANSWER TO PLAINTIFF'S COMPLAINT

## NINTH AFFIRMATIVE DEFENSE

9.      The Complaint, and each and every purported cause of action contained therein, is barred, in whole or in part, because the exclusive remedy for the damages alleged by Plaintiff is provided by the California Workers' Compensation Act, California Labor Code Section 3200, *et seq*.  Defendant is also entitled to set-off any recovery Plaintiff may receive from any Workers' Compensation action.

## TENTH AFFIRMATIVE DEFENSE

10.      Plaintiff is not entitled to recover punitive or exemplary damages against Defendant because: (a) Plaintiff has failed to plead facts sufficient to support allegations of malice or reckless indifference for the rights of Plaintiff or that Defendant was motivated by evil motive or intent; (b) neither Defendant nor any managerial agent of Defendant committed any alleged malicious or reckless act, authorized or ratified such an act, or had advance knowledge of the unfitness, if any, of any employee or employees who allegedly committed such an act, or employed any such employee or employees with a reckless indifference towards the rights or safety of others, and (c) an award of punitive or exemplary damages under the circumstances alleged would violate the due process clauses of the United States and California Constitutions.

## ELEVENTH AFFIRMATIVE DEFENSE

11.      Plaintiff's causes of action arising under the Fair Employment and Housing Act (the "FEHA") are barred because Plaintiff did not timely exhaust the administrative remedies as required and/or otherwise failed to comply with all the statutory prerequisites to bring suit pursuant to the FEHA.  Cal. Gov't Code §§ 12900 *et seq*.

## TWELFTH AFFIRMATIVE DEFENSE

12.      Plaintiff's claims are barred, in whole or in part, because Plaintiff is not

512691

4

entitled to any greater rights than she would have had if she had been employed throughout a leave of absence.  2 Cal. Code. Reg. 7297.2(c).  Plaintiff would not otherwise have been employed in her same position for legitimate business reasons unrelated to her leave of absence and/or request for leave of absence.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.    The Complaint, and each and every purported cause of action contained therein, is barred, in whole or in part, because Defendant had an honest, good faith belief that all decisions with respect to Plaintiff's employment were made solely for legitimate, business-related reasons and were reasonably based upon the facts as Defendant understood them.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.    Defendant cannot be liable for any alleged injury, as any allegedly unlawful conduct was outside the course and scope of employment of the employee(s) involved.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.    Defendant did not authorize, direct, or participate in any alleged discriminatory, retaliatory, and/or wrongful conduct.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.    Defendant denies that it discriminated or retaliated against Plaintiff. However, if Plaintiff proves Defendant's acts were discriminatory or retaliatory, Plaintiff is not entitled to damages because Defendant would have made the same decision regardless of the alleged improper grounds.

512691

DEFENDANT WELLS FARGO BANK, N.A.'S ANSWER TO PLAINTIFF'S COMPLAINT

1

<u>SEVENTEENTH AFFIRMATIVE DEFENSE</u>

2       17.    Plaintiff is barred from recovering punitive damages because Defendant had

3  in place a policy to prevent discrimination and retaliation and made good faith efforts to

4  implement and enforce that policy.

5

6

<u>EIGHTEENTH AFFIRMATIVE DEFENSE</u>

7       18.    The Complaint, and each and every purported cause of action contained

8  therein, is barred because Defendant did not have a legal duty to engage in an interactive

9  process with Plaintiff in order to accommodate her alleged disability.

10

11

<u>NINETEENTH AFFIRMATIVE DEFENSE</u>

12       19.    The Complaint, and each and every purported cause of action contained

13  therein, is barred because Defendant did not have a legal duty to provide accommodations

14  for Plaintiff's alleged disability because any such accommodation would have been

15  unreasonable.

16

17

<u>TWENTIETH AFFIRMATIVE DEFENSE</u>

18       20.    The Complaint, and each and every purported cause of action contained

19  therein, fails to state a cause of action because any accommodation of Plaintiff's alleged

20  disabilities would have resulted in an undue hardship.

21

22

<u>TWENTY-FIRST AFFIRMATIVE DEFENSE</u>

23       21.    The Complaint, and each and every purported cause of action contained

24  therein, is barred, in whole or in part, by the doctrine of laches.

25

26

27

28

512691

6

<u>TWENTY-SECOND AFFIRMATIVE DEFENSE</u>

22.     Plaintiff's claims, or some of them, are "frivolous" pursuant to California Code of Civil Procedure § 128.6 and, accordingly, Defendant should recover all costs and attorneys' fees incurred herein.

<u>TWENTY-THIRD AFFIRMATIVE DEFENSE</u>

23.     Plaintiff's purported causes of action under the FEHA fail, in whole or in part, because Plaintiff was not a qualified individual.

<u>TWENTY-FOURTH AFFIRMATIVE DEFENSE</u>

24.     Defendant reserves the right to assert additional affirmative defenses as discovery proceeds and it becomes aware of additional facts and circumstances that provide the basis for additional affirmative defenses.

WHEREFORE, Defendant prays for judgment as follows:

1.     That Plaintiff take nothing by way of the Complaint;

2.     That the Complaint be dismissed in its entirety with prejudice;

3.     That Defendant be awarded its costs of suit, including attorneys' fees, incurred herein; and

512691

7

4.      For such other and further relief as the Court deems just and proper.

DATED: January 5, 2022                    KADING BRIGGS LLP
                                          THERESA A. KADING


                                          By: _____
                                                THERESA A. KADING

                                          Attorneys for Defendant
                                          WELLS FARGO BANK, N.A.

## PROOF OF SERVICE

STATE OF CALIFORNIA          )
                             ) ss:
COUNTY OF ORANGE             )

     I am employed in the County of Orange, State of California.  I am over the age of 18, and not a party to the within action.  My business address is Kading Briggs LLP, 100 Spectrum Center Drive, Suite 800, Irvine, CA 92618.

     On **January 5, 2022**, I served the foregoing document(s) described as:  **ANSWER OF DEFENDANT WELLS FARGO BANK, N.A. TO PLAINTIFF MARISOL PEREZ'S COMPLAINT** on the interested parties in this action by the method indicated below and to the following addresses:

Jack Perko
LAW OFFICES OF JACK PERKO
26895 Aliso Creek Road, Suite B66
Aliso Viejo, CA 92656

Attorneys for Plaintiff MARISOL PEREZ

Tel:  (949) 390-4442
Fax:  (949) 916-1039
Email:  jack@jackperkolaw.com

☒  **BY ELECTRONIC SERVICE THRU ONE LEGAL ONLINE COURT SERVICES:**  Pursuant to C.R.C. 2.251, I caused a copy of the foregoing document to be uploaded to One Legal Online Court Services for electronic service on the above-referenced individuals.

☐  **BY ELECTRONIC MAIL WHERE INDICATED:**  Pursuant to C.R.C. 2060, I served the foregoing document described by emailing to it each of the aforementioned electronic mail addresses and the transmission was reported as complete and without error.

☐  **BY MAIL:**  I caused such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Irvine, California.  I am readily familiar with the practice of Kading Briggs LLP for collection and processing correspondence for mailing.  Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐  **BY OVERNIGHT DELIVERY:**  I am readily familiar with the practice of Kading Briggs LLP for the collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by the overnight delivery carrier.

☒  **STATE:**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

     Executed on **January 5, 2022**, at Irvine, California.

_____
Valerie Beechler

EXHIBIT "I"

# EXHIBIT "I"

1   THERESA A. KADING (SBN 211469)
    Email: tkading@kadingbriggs.com
2   KADING BRIGGS LLP
    100 Spectrum Center Drive, Suite 800
3   Irvine, California 92618
    Telephone: (949) 450-8040
4   Facsimile: (949) 450-8033

5   Attorneys for Defendant
    WELLS FARGO BANK, N.A.
6

7

8                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                          COUNTY OF LOS ANGELES

10

11  MARISOL PEREZ,                          CASE NO. 21STCV29307

12              Plaintiff,                  Assigned for all purposes to
                                            Hon. Christopher K. Lui, Dept. 76
13       vs.
                                            **DEFENDANT WELLS FARGO BANK,**
14  WELLS FARGO BANK, NATIONAL              **N.A.'S NOTICE TO ADVERSE PARTY**
    ASSOCIATION, a corporation, and         **OF REMOVAL OF CIVIL ACTION TO**
15  DOES 1-25, inclusive,                   **UNITED STATES DISTRICT COURT**
                                            **UNDER 28 U.S.C. §§ 1332, 1441, and 1446**
16              Defendants.                 **(DIVERSITY)**

17                                          Complaint Filed:    August 9, 2021

18

19

20

21

22

23

24

25

26

27

28

512698
                                         1

TO PLAINTIFF AND HER ATTORNEY OF RECORD:

PLEASE TAKE NOTICE THAT a Notice of Removal of this action was filed in the United States District Court for the Central District of California on January 5, 2022. A copy of said Notice of Removal and supporting exhibits are attached to this Notice, and are served and filed herewith.

DATED: January 5, 2022              KADING BRIGGS LLP
                                    THERESA A. KADING


                                    By: _____
                                            THERESA A. KADING

                                    Attorneys for Defendant
                                    WELLS FARGO BANK, N.A.

512698

2

EXHIBIT "J"

# EXHIBIT "J"

1　THERESA A. KADING (SBN 211469)
　　Email: tkading@kadingbriggs.com
2　KADING BRIGGS LLP
　　100 Spectrum Center Drive, Suite 800
3　Irvine, California 92618
　　Telephone: (949) 450-8040
4　Facsimile: (949) 450-8033

5　Attorneys for Defendant
　　WELLS FARGO BANK, N.A.

6

7

8　　　　　SUPERIOR COURT OF THE STATE OF CALIFORNIA

9　　　　　　　　　COUNTY OF LOS ANGELES

10

11　MARISOL PEREZ,　　　　　　　　　CASE NO. 21STCV29307

12　　　　　　　Plaintiff,　　　　　Assigned for all purposes to
　　　　　　　　　　　　　　　　　　　Hon. Christopher K. Lui, Dep. 76
13　　　　vs.

14　WELLS FARGO BANK, NATIONAL　　**DEFENDANT WELLS FARGO BANK,**
　　ASSOCIATION, a corporation, and　**N.A.'S NOTICE TO STATE COURT OF**
15　DOES 1-25, inclusive,　　　　　**REMOVAL OF CIVIL ACTION TO**
　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT COURT**
16　　　　　　　Defendants.　　　　　**UNDER 28 U.S.C. §§ 1332, 1441 and 1446**
　　　　　　　　　　　　　　　　　　　**(DIVERSITY)**

17　　　　　　　　　　　　　　　　　　Complaint Filed:　August 9, 2021

18

19

20

21

22

23

24

25

26

27

28

512697

TO THE CLERK OF THE SUPERIOR COURT FOR THE COUNTY OF LOS ANGELES:

Attached hereto as Exhibit "1" is a true and correct copy of the Notice to Adverse Party of Removal of this action to the United States District Court for the Central District of California.  The original Notice of Removal of Civil Action to the United States District Court was filed with the United States District Court for the Central District of California with the attached exhibits on January 5, 2022.

The filing of said Notice of Removal effects the removal of the above-entitled action from this Court.

DATED:  January 5, 2022            KADING BRIGGS LLP
                                   THERESA A. KADING


                                   By:_____
                                         THERESA A. KADING

                                   Attorneys for Defendant
                                   WELLS FARGO BANK, N.A.

512697

DEFENDANT'S NOTICE TO STATE COURT OF REMOVAL OF ACTION TO FEDERAL COURT